UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CAZIONN WILLIAMS,

                  Plaintiff,

v.                                                 Case No. 23-cv-943-pp

JAY VAN LANEN, GREGORY FRIEDEL
and JOHN DIEDRICK,

                  Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Cazionn Williams, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants were deliberately indifferent to his risk of self-harm. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On July 26, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $3.01. Dkt. No. 7. The court received that fee on August 8, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names as defendants Captain Jay Van Lanen, Sergeant Gregory Friedel and Correctional Officer John Diedrick. Dkt. No. 1 at ¶¶5–7. The complaint alleges that all the defendants work in the Restrictive Housing Unit (RHU) at Green Bay Correctional Institution, where the plaintiff previously was confined. Id. at ¶¶4–7.

The plaintiff alleges that on the morning of May 3, 2022, he was in the RHU and saw Officer Diedrick performing observation checks. Id. at ¶8. The plaintiff called to Diedrick and told him that the plaintiff had a razorblade and needed to speak with Captain Van Lanen because he felt like engaging in self-

3
Case 2:23-cv-00943-PP   Filed 09/12/23   Page 3 of 11   Document 8

harm. Id. He alleges that Diedrick looked at the clock, said "[I]t's not even 9:00 a.m." and walked away. Id. at ¶9. Van Lanen came to the plaintiff's cell at around 9:00 a.m., and the plaintiff told him that he "was feeling like [he was] going to self-harm." Id. at ¶10. The plaintiff says Van Lanen "was being dismissive," so the plaintiff held up his left arm "and began to deeply cut [his] arm with the razor blade." Id. He alleges that blood "started to pour out," and that he held his arm up to his cell window. Id. The plaintiff says he then covered his window and continued to cut himself, but Van Lanen "did not take any steps to stop [him] from self-harming." Id. at ¶11.

The plaintiff alleges that about an hour later, a "'suit up' team" came to his cell, removed him from the cell and placed him in an observation cell for a strip search. Id. at ¶12. He says Officer Banker (who is a not a defendant) took pictures of the plaintiff's injuries. Id. Nurse Rachel Matushak (also not a defendant) cleaned and bandaged the plaintiff's wounds but did not take pictures of the plaintiff's injuries, as he asked her to. Id. at ¶13. The plaintiff says that Van Lanen ordered Diedrick to issue the plaintiff a conduct report "in a[n] attempt to cover up his misconduct." Id. at ¶14. The plaintiff says Diedrick "was forced" to file a new conduct report but "remove[d] all references surrounding [the plaintiff's] self-harm." Id.

The plaintiff sues the defendants in their official and individual capacities for failing "to protect him from himself." Id. at ¶¶5–7, 15. He seeks declaratory relief that the defendants failed to protect him from self-harm and provide him mental-health treatment in violation of his rights under the Eighth

4

Amendment; injunctive relief ordering the defendants "to remove mentally ill inmates from GBCI's Restrictive Housing Unit as it is so harsh that it exacerbates their serious mental health issues"; and compensatory and punitive damages. Id. at 4.

    C.    Analysis

        1.    *Individual Capacity Claim*

The court analyzes the plaintiff's allegations of deliberate indifference under the Eighth Amendment, which prohibits cruel and unusual punishments. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the objective component, an incarcerated person must show that he "is incarcerated under conditions posing a substantial risk of serious harm." Id. The risk of harm may come from an incarcerated person's act or threat of self-harm "up to and including suicide." Miranda v. County of Lake, 900 F.3d 335, 349 (7th Cir. 2018). The subjective component requires an incarcerated person to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834. The plaintiff must show the prison official's "actual, personal knowledge of a serious risk, coupled with the lack of any reasonable response to it." Ayoubi v. Dart, 724 F. App'x 470, 474 (7th Cir. 2018) (citing Farmer, 511 U.S. at 837, 844–45).

The plaintiff alleges that Diedrick took no action when the plaintiff told him that he had a razorblade and was going to engage in self-harm. He says

Van Lanen later dismissed the plaintiff's statements that he would harm himself. The plaintiff then cut himself with the razorblade he told the defendants he had, which resulted in his needing medical treatment. He says neither defendant took any steps to stop him from harming himself before or during his self-harm. These allegations are sufficient to state a claim of deliberate indifference to the plaintiff's risk of harming himself. The court will permit the plaintiff to proceed on this claim against defendants Van Lanen and Diedrick.

The plaintiff has not stated a claim against Sergeant Friedel. The complaint contains no allegations against Friedel at all. It names him as a defendant and says he was a Sergeant at Green Bay when the plaintiff harmed himself, but does not describe any personal involvement by Friedel in the events surrounding the plaintiff's self-harm. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." Hildebrant v. Ill. Dep't of Nat. Res., 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996)). Because the complaint does not allege that Sergeant Friedel caused or participated in the alleged constitutional violation, it does not state a claim against him. The court will dismiss Sergeant Friedel.

       2. *Available Remedy*

The plaintiff seeks declaratory and injunctive relief and damages. But the plaintiff no longer is incarcerated at Green Bay, where he alleges these events

occurred, and he does not allege that he expects to return there. Because the plaintiff has been transferred, "a declaratory judgment would not affect [the defendants'] behavior towards [the plaintiff]." Pearson v. Welborn, 471 F.3d 732, 743 (7th Cir. 2006) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 103–04 (1983)). That means the plaintiff's request for declaratory relief is moot. See Bigbee v. Nalley, 482 F. Supp. 2d 1092, 1099 (W.D. Wis. 2007) (citing Robinson v. City of Chicago, 868 F.2d 959, 966 n.5 (7th Cir. 1989); and Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996)). Even if his request were not moot, declaratory relief under §1983 "is only proper if there is a continuing violation of federal law." Kress v. CCA of Tenn., LLC, 694 F.3d 890, 894 (7th Cir. 2012) (citing Green v. Mansour, 474 U.S. 64, 73 (1985)). Because the plaintiff no longer is subject to the allegedly unlawful treatment he says he received at Green Bay, there is no ongoing violation that declaratory judgment could cure. The court will not allow him to proceed on his request for a declaratory judgment.

The plaintiff also seeks an injunction ordering the defendants to remove mentally ill persons from the RHU at Green Bay. For the same reason explained above, the plaintiff's request for injunctive relief is moot. See Maddox v. Love, 655 F.3d 709, 716 (7th Cir. 2011) (concluding that prayer for injunctive relief was moot because plaintiff was transferred to a different facility and failed to allege "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains"). Even if that request were not moot, the plaintiff may not assert the

rights of other mentally ill incarcerated persons or demand relief on their behalf. See Lewis v. Casey, 518 U.S. 343, 349–50 (1996); Massey v. Helman, 196 F.3d 727, 739–40 (7th Cir. 1999). The court also has no authority to order that *any* incarcerated person to be moved to a different unit within a prison. See Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012) (explaining that "prison officials have broad administrative and discretionary authority over the institutions they manage," which includes the housing of incarcerated persons). The plaintiff's request to move mentally ill persons out of the RHU may be well-intentioned, but it also "is highly intrusive to the inner workings of the prison system and would tread upon the DOC's authority over running their institution." Capoeira v. Pollard, No. 16-cv-224-LA, 2016 WL 1452398, at *4 (E.D. Wis. Apr. 13, 2016). The plaintiff may proceed only on his request for damages.

3. *Official Capacity Claims*

The plaintiff also seeks to proceed on his Eighth Amendment claim against the defendants in their official capacities. Claims against an official in his official capacity represent another way to plead an action against the entity that he represents or for which the official works. Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690, n.55 (1978)). The court construes the claims against the defendants in their official capacities as having been brought against the Wisconsin Department of Corrections (DOC), the agency for which they work. Id. at 165–66. Because claims against the DOC are "no different from a suit

against the State itself," the court construes these claims as having been brought against the State of Wisconsin. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Graham, 473 U.S. at 165–66; Monell, 436 U.S. at 690 n.55). But "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. That means the plaintiff may not proceed against the defendants in their official capacities to recover damages. See Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002) (citing Will, 491 U.S. at 66); Williams v. Wisconsin, 336 F.3d 576, 580 (7th Cir. 2003).

Because the only relief available to the plaintiff in this lawsuit is damages, he may not proceed against the defendants in their official capacities. The court will dismiss the plaintiff's official-capacity claims. He may proceed against defendants Van Lanen and Diedrick in their individual capacities only and only on his request for damages.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendant Gregory Friedel.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Jay Van Lanen and John Diedrick. Under the informal service

agreement, the court **ORDERS** those defendants to respond to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$346.99** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 12th day of September, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

11
Case 2:23-cv-00943-PP   Filed 09/12/23   Page 11 of 11   Document 8