UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CAZIONN WILLIAMS,

    Plaintiff,

v.                                  Case No. 23-CV-943

JAY VAN LANEN, *et al.*

    Defendants.

# ORDER

Cazionn Williams, who is incarcerated and representing himself, filed a motion to amend his complaint. (ECF No. 17.) He also filed a motion to compel discovery, a motion for sanctions, and a motion to appoint counsel. (ECF Nos. 18, 20, and 21.) This order resolves these motions.

### MOTION TO AMEND THE COMPLAINT (ECF NO. 17)

On January 2, 2024, the court screened Williams's complaint and allowed him to proceed on a claim of deliberate indifference to a serious risk of harm under the Eighth Amendment against defendants Jay Van Lanen and John Diedrick. (ECF No. 8.) The court dismissed Gregory Friedel as a defendant because Williams did not include any allegations describing his actions.

On January 22, 2024, Williams filed a motion to amend his complaint and attached the proposed amended complaint. (ECF Nos. 17, 17-1.) Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2).

The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182.

The court will grant Williams's motion to amend the complaint, and the amended complaint is now the operative complaint. Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

The allegations against Van Lanen and Diedrick are substantially similar to the allegations contained in Williams's original complaint. As such, he may still proceed on an Eighth Amendment claim against them as described in the court's original screening order. In his amended complaint, Williams alleges that Gregory Friedel, on the date of the self-harm incident, May 3, 2022, at approximately 9:15 a.m., "stood there watching me cut over and over [and] simply stated 'stop that' [but] never attempted to stop me." (ECF No. 17-1, ¶ 10.) With these allegations, Williams states an Eighth Amendment deliberate indifference claim against Friedel as well. He may proceed on a claim against Friedel in addition to Van Lanen and Diedrick.

**MOTION TO COMPEL DISCOVERY (ECF NO. 18) AND MOTION FOR SANCTIONS (ECF NO. 20)**

Williams states he did not receive his medical records and various body camera videos from the defendants. The defendants, in response, state they provided him his

medical records on March 1, 2024, and they made the videos available via the litigation coordinator. (ECF No. 26.) To the best of the defendants' knowledge, Williams has yet to make arrangements to view the video with the litigation coordinator. (*Id.*) Because it appears that the defendants have complied with Williams's requests, the court denies his motion to compel and his motion for sanctions.

## MOTION TO APPOINT COUNSEL (ECF NO. 21)

On March 14, 2024, Williams filed a motion to appoint counsel. (ECF No. 21.) In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola,* 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*,

4

987 F.3d at 682. Williams states that he has contacted three attorneys, who did not respond to his inquiries. (ECF No.21, ¶ 4.)

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.

Williams states that he needs a lawyer because the case is complex and his access to the law library is limited. Williams has demonstrated he is able to litigate his case. He successfully amended his complaint. His filings to date generally comply with the applicable Federal Rules of Civil Procedure and Local Rules. As such, the court will deny his motion. If Williams encounters obstacles later in the case or his circumstances otherwise change and impact his ability to litigate the case, he may refile his motion.

**IT IS THEREFORE ORDERED** that Williams's motion to file an amended complaint (ECF No.17) is **GRANTED.** The amended complaint (ECF No. 17-1) is now the operative complaint.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the amended complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Gregory Friedel. It is **ORDERED** that, under the informal service agreement, Friedel and the other defendants shall file a responsive pleading to the amended complaint within 60 days. Once they answer the amended complaint, the court will issue an amended scheduling order.

**IT IS FURTHER ORDERED** that Williams's motion to compel (ECF No. 18) and motion for sanctions (ECF No. 20) are **DENIED**.

**IT IS FURTHER ORDERED** that Williams's motion to appoint counsel (ECF No. 21) is **DENIED without prejudice.**

Dated in Milwaukee, Wisconsin this 29th day of May, 2024.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge