# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CAZIONN WILLIAMS,

      **Plaintiff,**

v.                                                                                  Case No. 23-CV-943

JAY VAN LANEN, *et al.*,

      **Defendants.**

## ORDER

On January 29, 2025, the defendants filed a motion for summary judgment on the merits. (ECF No. 47.) On January 30, 2025, the court issued a notice and order informing *pro se* plaintiff Cazionn Williams that he had until February 28, 2025, to file a response to the defendant's motion. (ECF No. 57.) The court cautioned Williams that if by that date he did not respond to the motion or file a letter explaining why he was unable to do so the court would accept all facts asserted by the defendants as undisputed.

On February 25, 2025, Williams filed a motion for extension of time to respond to the defendants' motion for summary judgment. (ECF No. 59.) The court granted the motion, giving Williams until March 28, 2025, to respond to the summary judgment motion.

The March 28 deadline has passed and Williams has not filed a response to the defendants' motion. As such, the court will construe the motion as unopposed.

The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment on the merits. The case is dismissed.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (ECF No. 47) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 17th day of April, 2025.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge